IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 14, 2009

## LEAH JOY WARD v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-04434    W. Otis Higgs, Jr., Judge**

_____

**No. W2009-00088-CCA-R3-PC  - Filed February 11, 2010**

_____

Pro se Petitioner Leah Joy Ward filed a petition for post-conviction relief, asserting she was denied effective assistance of counsel resulting in her conviction for first degree premeditated murder.  The post-conviction court concluded that her petition was barred by the statute of limitations and denied it without a hearing.  She appeals, arguing due process concerns should toll the statute of limitations.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Leah Joy Ward, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William L. Gibbons, District Attorney General; and Rachel E. Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

Petitioner was tried and convicted of first degree murder of her husband and was sentenced to life imprisonment.  This court affirmed her conviction on May 30, 2007.  See State v. Leah Joy Ward, No. W2005-02802-CCA-R3-CD, 2007 WL 1556663, at *1 (Tenn. Crim. App. at Jackson).  According to Petitioner, she did not file a timely application for review in our supreme court because her appellate counsel essentially abandoned her and she did not learn of our decision until "around December 2007."  Upon learning of our decision,

Petitioner filed a tardy application for review in the supreme court in April, 2008.[1] Her application was denied on September 15, 2008.

Petitioner filed the present petition on October 28, 2008. In it, Petitioner alleges that her two trial attorneys were ineffective because they: (1) failed to order a second mental evaluation for her after she allegedly endured a post-arrest rape and related pregnancy; (2) failed to fully investigate the facts of her case and call certain witnesses; (3) failed to sufficiently attack a State's witness' alleged perjury; (4) failed to prevent the jury from hearing about Petitioner's prior federal conviction; (5) failed to adequately communicate with Petitioner regarding the trial; and (6) failed to suppress an incriminating statement Petitioner made to investigators. She also contends that her conviction was the product of perjured and improperly coerced testimony, and otherwise violated the federal and state constitutions. Her petition seeks an evidentiary hearing and an order either vacating her conviction or her sentence. The post-conviction court concluded the petition was untimely and denied relief without a hearing.

Petitioner timely appealed the post-conviction court's order. She now argues that due process considerations should toll the statute of limitations and thereby permit an evidentiary hearing. Although her brief before this court does not illuminate her due process argument, her petition argued that due process considerations should toll the statute of limitations because she was unaware of the timing and ramifications of the one-year statute of limitations. She notes that she is inexperienced in the law, was abandoned by her appellate attorney and therefore did not receive advice from him regarding the necessary timing for her petition, and erroneously believed that the filing of her tardy Rule 11 application would somehow delay the start of the statute of limitations.

The State counters that the post-conviction court's order should be affirmed. It notes the petition was not filed within the one-year statute of limitation, which began when this court issued its direct appeal decision on May 30, 2007, and that her claim does not fall within one of the statutory exceptions. Furthermore, it contends that, because ignorance of the limitations period is not an excuse for a tardy petition, due process considerations do not demand the statute of limitations be tolled in this case.

## II. Analysis
"Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed

---

[1] On April 25, 2008, Petitioner also filed a complaint against her appellate attorney with the Board of Professional Responsibility. The B.P.R. ultimately publicly censured Petitioner's appellate counsel for his lapses in her case and another, similar one.

by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief,

> a person . . . must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. § 40-30-102(a). The statute is "unambiguous." Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). It emphasizes that time is of the essence in filing a petition for post-conviction relief and that the one-year limitations period is an element of the right to file such an action as well as a condition upon its exercise. Tenn. Code Ann. § 40-30-102(a). This statutory jurisdictional limitation carves out only three exceptions, none of which apply here. See Tenn. Code Ann. § 40-30-102(b).

Our direct appeal decision was issued on May 30, 2007. Because Petitioner did not file a petition for rehearing, she had sixty days to file a petition for review in the supreme court, see Tenn. R. App. Pro. 11(b), and one year to file her petition for post-conviction review, see Tenn. Code Ann. § 40-30-102(a). She did neither. Her petition thus falls outside the statute of limitations.

Our supreme court has held, however, that the statute of limitations can be tolled in cases where its strict application would deny the petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner." Williams, 44 S.W.3d at 468 (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)). See also Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). In essence, our case law has held that when a post-conviction claim arises after the statute of limitations begins to run, due process may require tolling. See Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995). Our supreme court has established a three-step process for analyzing such situations:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are 'later-arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id.

In the present case, due process does not demand the statute of limitations be tolled. In proceeding through the Sands analysis, we note, first, that the statute of limitations began to run when we issued our decision in Petitioner's direct appeal on May 30, 2007. Second, because the petition only raises claims against her trial attorneys, and those claims arose during her trial, they are not late-arising.[2] Regardless, strict application of the limitations period does not preclude Petitioner from having a reasonable opportunity to present her claims. She learned of our decision in December, 2007, several months before the limitations period closed. She therefore had a sufficient opportunity to file a timely petition. Moreover, it appears she was fully aware of her claims at that point. There is nothing to suggest her claims are the result of some new evidence or revelation between May 30, 2008, and October 28, 2008, when she filed her petition.[3] That Petitioner was not aware of the statute of limitations, or the ramifications of failing to comply with it, does not mean that she should be allowed to proceed on a tardy petition. "[P]etitioner's ignorance of the existence of the statute of limitation, even when alleged to stem from an attorney's negligent failure to render advice . . . does not toll the running of the statute." State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). We therefore have no concern that Petitioner was not given ample opportunity to assert her claim in a timely manner. She did not do so. Due process does not demand she be allowed to do so now.[4]

## III.  Conclusion

Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

---

[2] Any claim Petitioner might have against her appellate counsel, however, arguably arose after the expiration of the 60-day window to file an application for review in our supreme court. But she does not raise a claim against her appellate counsel in this petition and does not seek a delayed direct appeal. Nonetheless, as discussed below with respect to the claims she does present, because she learned of her alleged claims well before the end of the limitations period, due process would not demand tolling.

[3] Indeed, she was even aware of her claims against her appellate counsel during this time, as evidenced by her April, 2008, B.P.R. complaint.

[4] We note that one of Petitioner's claims relates to her mental condition. Mental incompetency can require the tolling of the statute of limitations. See Williams, 44 S.W.3d at 469. However, Petitioner does not assert that her mental condition inhibited her ability to file a timely petition. Moreover, our review of the petition and Petitioner's related pleadings indicates that she is fully capable of asserting her claims. As a result, we do not believe her alleged mental issues justify tolling in this case.